# EXHIBIT B

## ADDENDUM TO DEVELOPMENT RIGHTS RIDER

THIS ADDENDUM TO DEVELOPMENT RIGHTS RIDER (the "Addendum") is made this 15th day of September 2025 (the "Effective Date") by and between DonutNV Franchising, Inc., a Florida corporation (hereinafter, the "Franchisor"), on the one hand, and Michael Sadler, an individual residing at ███████████████████████████████ (hereinafter, the "Franchisee"), on the other hand.

WHEREAS, the parties entered into a Franchise Agreement, dated April 15, 2024 (the "Original Agreement"), and a Development Rights Rider of even date (the "Rider"), for the development and operation of DonutNV franchises in certain defined territories set forth in the Original Agreement and the Rider;

WHEREAS, pursuant to the Development Schedule (as defined in the Rider), Franchisee was obligated to develop and operate a third DonutNV unit, Unit #3;

WHEREAS, pursuant to that certain Consent to Sale of Franchise dated September 9, 2025, executed by Franchisor, Franchisee, and Pinski Vending Solutions, LLC (Shawn Lipinski), Franchisee has acquired a DonutNV trailer formerly operated in Murfreesboro, TN, which acquisition shall replace Franchisee's obligation to develop Unit #3 under the Development Schedule; and

WHEREAS, the parties now wish to amend the Rider to confirm the replacement of the Unit #3 obligation and the commencement of royalty-bearing obligations as of the Effective Date.

NOW, THEREFORE, incorporating the prior recitals and in consideration of the covenants herein and for other consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, intending to be legally bound, do agree as follows:

1. **Development Schedule.** The Development Schedule in Section 1 of the Rider is amended to reflect that Franchisee's acquisition of the Murfreesboro trailer pursuant to the Consent to Sale dated September 9, 2025 shall replace Franchisee's obligation to develop and operate Unit #3. All royalty-bearing obligations with respect to Unit #3 shall commence as of the Effective Date of this Addendum, September 15, 2025.

2. **General Release.** In connection with the terms of this Addendum, Franchisee shall execute and deliver to DonutNV the General Release in the form attached to this Addendum (the "General Release"), effective as of the date hereof.

3. **Other Terms Unaffected.** Except as modified or supplemented by this Addendum, the terms of the Rider, the Original Agreement, and all other agreements between the parties remain unchanged and in full force and effect.

4. **Governing Law.** This Addendum shall be governed by and construed in accordance with the laws of the State of Florida as interpreted by the courts of said State, notwithstanding any rules regarding choice of law to the contrary.

Docusign Envelope ID: 48DB1225-6799-437E-B372-BF1288ABC7FD

**Confidential & Non-Precedential.** This Addendum, and the concessions/waivers contained herein, are based on the unique nature of the agreements between the parties and other unique facts. Accordingly, nothing herein shall be precedential or applicable to other parties. Franchisee agrees to maintain strict confidentiality regarding the concessions contained herein and stipulates that a breach of such confidentiality shall constitute a breach of the Franchise Agreement and shall be cause for termination without an opportunity to cure under the applicable Franchise Agreement(s) in addition to all other remedies applicable for a breach of confidentiality.

.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

IN WITNESS WHEREOF, the parties hereto have duly executed, sealed and delivered this Addendum on the day and year first above written.

**FRANCHISEE:**

Michael Sadler

By: _____

Michael Sadler, individually   9/24/2025

**FRANCHISOR:**

DONUTNV FRANCHISING, INC.

By: _____

Name: Kristen Seitz

Title:  Sr. VP of Operation

9/16/2025

# GENERAL RELEASE

This General Release ("Release") is executed by the undersigned ("Releasor") in favor of DonutNV Franchising, Inc., a Florida corporation ("DonutNV Franchising").

**Background Statement**: Releasor has interacted with DonutNV Franchising and received certain goods, services and representations and to the extent any exist, wishes to dispose of any outstanding liabilities as further defined herein. This Release is executed for good and valuable consideration, the receipt and sufficiency thereof being hereby acknowledged. This particular Release is a voluntary release not associated with any act required under applicable Franchise Agreement(s) and has been fully negotiated by the parties and jointly drafted thereby.

Releasor(s) voluntarily an irrevocably agree as follows:

**1. Release.** Releasor(s) each jointly and severally (on behalf of itself and its parents, subsidiaries and affiliates and their respective past and present officers, directors, shareholders, managers, members, partners, agents, and employees (collectively, the "Releasing Parties")) hereby releases DonutNV Franchising, its affiliates, and their respective directors, officers, shareholders, employees, franchise sellers, and agents (collectively, the "Released Parties") from any and all claims, causes of action, suits, debts, agreements, promises, demands, liabilities, contractual rights and/or obligations, of whatever nature, known or unknown, which any Releasing Party now has or ever had against any Released Party based upon and/or arising out of events that occurred through the date hereof, including without limitation, anything arising out of the Franchise Agreement (collectively, "Claims").

**2. Covenant Not to Sue.** Releasor (on behalf of all Releasing Parties) covenants not to initiate, prosecute, encourage, assist, or (except as required by law) participate in any civil, criminal, or administrative proceeding or investigation in any court, agency, or other forum, either affirmatively or by way of cross-claim, defense, or counterclaim, against any Released Party with respect to any Claim. Releasing Parties agree that Released Parties shall have the right to injunctive relief for, and Releasing Parties hereby irrevocably agree to entry of injunction dismissing any claims or counterclaims you may bring in contradiction to or breach of this release and covenant not to sue.

**3. Advancement Obligation.** Releasor acknowledges and agrees that if Releasor violates this Release, Releasor will cause the Released Parties immediate economic harm in the form of the Released Parties' time, economic disruption and attorneys' fees in responding to any such lawsuit or claim released hereunder. Accordingly, should Releasor file suit or counterclaim (in litigation or arbitration) or threaten any of the same, each undersigned Releasor will immediately, upon demand from Released Parties, pay to Released Parties $25,000 as partial, but not full accord and satisfaction of such expenses incurred or likely to be incurred by them in evaluating and responding to such claims or threatened claims. Such liquidated damages will not preclude or be in lieu of any other actual or consequential damages, or attorneys' fees bore by Releasor hereunder or as a breach hereof.

**4. Representations and Acknowledgments.** Releasor represents and warrants that: (i) Releasor is the sole owner of all Claims, and that no Releasing Party has assigned or transferred, or purported to assign or transfer, to any person or entity, any Claim; (ii) Releasor has full power and authority to sign this Release; and (iii) this Release has been voluntarily and knowingly signed after Releasor has had the opportunity to consult with counsel of Releasor's choice. Releasor acknowledges that the release in Section 1 is a complete defense to any Claim.

**5. Miscellaneous.** If any of the provisions of this Release are held invalid for any reason, the remainder of this Release will not be affected and will remain in full force and effect. In the event of any dispute concerning this Release, the dispute resolution, governing law, and venue provisions of the Franchise Agreement shall apply. Releasor agrees to take any actions and sign any documents that DonutNV Franchising reasonably requests to effectuate the purposes of this Release. This Release contains the entire agreement of the parties concerning the subject matter hereof.

**6. Confidentiality & Non-Disparagement.** Notwithstanding anything to the contrary herein, and in addition to all other benefits conferred by Franchisee to Released Parties, Franchisee promises to maintain strict confidentiality regarding the terms and existence of this agreement and any released Claims and shall reply to any party inquiring that "all claims have been released and resolved in a manner satisfactory to all parties." Franchisee further irrevocably agrees not to make, share, republish or otherwise participate in any derogatory comments, posts, statements or other content disparaging or negative to the brand, its owners, agents, employees, products, other franchisees, other Released Parties or their affiliates. This confidentiality and non-disparagement provision shall survive for not less than 4 years following the end of the original Term of the first Franchise Agreement executed by the Franchisee plus any extension thereof. Any breach of this paragraph shall be cause for immediate suit for damages by the affected Released Parties and Releasor stipulates to the entry of injunctive relief in favor of the affected Released Party which shall order the removal of any violative statement and prohibit further violations in addition to an order requiring Releasor to pay all attorney's fees and other costs incurred in enforcing this provision.

**The undersigned Releasors have had an opportunity to obtain advice of an attorney prior to executing this Release and do so voluntarily without reliance on any representation or statement from any Release Party. The undersigned hereby execute this Release on behalf of themselves individually and any entity through which they have interacted with any Released Party.**

Signed by:

**By:** _____    **By:** _____

**Name:** Michael Sadler    **Name:** _____

**Date:** 9/24/2025    **Date:** _____